UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| PUSATERI, THOMAS A. | ) | Case No. 06-09118-ERW |
| PUSATERI, LAURA L. | ) | |
| Debtor(s). | ) | Hon. Eugene R. Wedoff |

**Trustee's Final Report**

To:   The Honorable Eugene R. Wedoff
      United States Bankruptcy Judge

NOW COMES Frances Gecker, Trustee herein, and respectfully submits to the Court and to the United States Trustee her Final Report in accordance with 11 U.S.C. §704(9).

1.   The Petition commencing this case was filed on July 31, 2006. Frances Gecker was appointed Trustee on the July 31, 2006. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2.   The Trustee certifies that she has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor(s) discharge. The trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3.   The disposition of estate property is set forth in Exhibit B. The scheduled value of property ordered abandoned by the Court is $0.00. The property deemed abandoned at closing

1

by the Trustee is $277,100.00.[1] All abandoned assets, along with the reasons for such abandonment, are described in Exhibit B.

4. A summary of the trustee's final account as of May 26, 2009 is as follows:

| | | | |
|---|---|---|---|
| a. | RECEIPTS (See Exhibit C) | | $96,003.82 |
| b. | DISBURSEMENTS (See Exhibit C) | | $5,772.84 |
| c. | NET CASH available for distribution | | $90,230.98 |
| d. | TRUSTEE/PROFESSIONAL COSTS: | | |
| | 1. | Trustee compensation requested (See Exhibit E) | $8,050.01 |
| | 2. | Trustee Expenses (See Exhibit E) | $0.00 |
| | 3. | Compensation requested by attorney or other professionals for trustee (See Exhibit F) | |
| | | (a.) Alan D. Lasko & Associates *Accountant for Trustee Fees (Other Firm)* | $1,571.50 |
| | | (b.) Alan D. Lasko & Associates *Accountant for Trustee Expenses (Other Firm)* | $16.10 |
| | | (c.) Frank/Gecker LLP *Attorney for Trustee Fees (Trustee Firm)* | $6,670.00 |
| | | (d.) Frank/Gecker LLP *Attorney for Trustee Expenses (Trustee Firm)* | $63.49 |

5. The Bar Date for filing unsecured claims expired on November 30, 2006.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---|
| a. | Allowed unpaid secured claims | $0.00 |
| b. | Chapter 7 administrative claims and 28 U.S.C. §1930 claims | $16,371.10 |
| c. | Allowed Chapter 11 administrative claims | $0.00 |
| d. | Allowed priority claims | $0.00 |

---

[1] Debtors valued their residence on Schedule A at $275,000.00 with a $235,000.00 secured claim. Prepetition, the Debtors had refinanced the real estate, thus leaving the real estate with no equity.

2

  e. Allowed unsecured claims                 $137,532.52

  f. Surplus Funds to Debtor                   $0.00

7. Trustee proposes that unsecured creditors receive a distribution of 53.7036% of allowed claims.

8. The compensation previously awarded to Trustee's counsel, accountants or other professionals, and the compensation requested but not yet allowed is as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses |
|---|---|---|---|
| Frances Gecker<br>*Trustee Compensation* | $0.00 | $8,050.01 | $0.00 |
| FRANK/GECKER LLP<br>*Attorney for Trustee* | $0.00 | $6,670.00 | $63.49 |
| ALAN D. LASKO & ASSOCIATES<br>*Accountant for Trustee* | $0.00 | $1,571.50 | $16.10 |

9. A fee of $2701.00 was paid to Debtor's Counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative

3

claims and expenses stated in this Report, and for such other relief as the Court shall deem proper.

Dated: 5/26/09                    Respectfully Submitted

                                           /s/ Frances Gecker
Frances Gecker not individually but as Chapter 7 Trustee of the bankruptcy estate of THOMAS A. PUSATERI and LAURA L. PUSATERI

Frances Gecker (IL ARDC# 6198450)
FRANK/GECKER LLP
325 N. LaSalle Street, Suite 625
Chicago, IL 60654
(312) 276-1401
(312) 276-0035 (Facsimile)

4